JANET M. HEROLD  
Regional Solicitor  
DANIEL CHASEK  
Associate Regional Solicitor  
California Bar No. 186968  
KATHERINE KASAMEYER  
Trial Attorney  
California Bar No. 261820  
United States Department of Labor  
Office of the Solicitor  
90 Seventh Street, Suite 3-700  
San Francisco, California 94103  
Telephone: (415) 625-7742  
Facsimile: (415) 625-7772  
Email: Kasameyer.katherine@dol.gov  

Attorneys for Plaintiff, Thomas E. Perez,  
Secretary of Labor,  
United States Department of Labor

JS-6

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> CCA EDUCORP, INC., a corporation doing business as CAREER COLLEGES OF AMERICA; JEFF MEISEL, individually and as a managing agent of corporate defendant; and RON SCHAECHTER, individually and as managing agent of corporate defendant, <br> Defendants. | HON. S. James Otero <br><br> Case No.: 2:14-CV-09472 <br><br><br><br> CONSENT JUDGMENT |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"); Defendant CCA EDUCORP, INC., doing

business as CAREER COLLEGES OF AMERICA, Defendant JEFF MEISEL, individually and as managing agent of corporate defendant, and Defendant RON SCHAECHTER, individually and as managing agent of corporate defendant (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendants violated provisions Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"). 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and (5).

    B.    Defendants have retained defense counsel and have been advised by counsel in this matter;

    C.    Defendants waive service of process and acknowledge receipt of a copy of the Secretary's Complaint;

    D.    Defendants neither admit nor deny the violations alleged in the Complaint.

    E.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law;

    F.    Defendants admit the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the district court for the Central District of California.

    G.    Defendants and the Secretary agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    H.    Defendants understand and agree that demanding or accepting any of the funds due employees under this Consent Judgment or threatening any

employee or retaliating against any employee for accepting money due under this Consent Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Consent Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

I. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, are permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206, 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce and in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2. Defendants shall not, contrary to Section 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2), fail to pay to their employees the half time premium for hours worked in excess of 40 hours in a work week when said employees are engaged in commerce and in the production of goods for commerce or are

[PROPOSED] CONSENT J.                3

employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c), 215(a)(5), fail to make, keep, preserve, and make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon demand for such access, records of its employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act, 29 U.S.C. § 211(c).

4. Defendants, jointly and severally, shall not continue to withhold payment of $48,874.90, which represents the unpaid minimum wage and overtime compensation hereby found to be due under the FLSA, for the period from November 23, 2013, through December 22, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

5. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants, any of its officers, or to anyone else for any of the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants, any of their officers, or anyone acting for any of the Defendants, receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants,

any of their officers, or anyone else for any of the Defendants, discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act. Defendants shall pay all wages earned by their employees "free and clear," as required by 29 C.F.R. § 531.35.

FURTHER, **JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants in the total amount of $48,874.90.

6. Defendants shall pay to the Secretary the sum of $48,874.90 which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from November 23, 2013, through December 22, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth herein. Defendants shall pay this amount in the installments set forth in Exhibit B as indicated in paragraph 7.

7. To accomplish the requirements of paragraph 6 of this Consent Judgment, Defendants shall deliver to Daniel Pasquil, District Director, West Covina District Office, Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850, West Covina, CA 91791, the following:

    a. Within fourteen calendar days of the entry of this Consent Judgment, a schedule in duplicate bearing Defendants' names with CCA EDUCORP, INC.'s employer identification number, address, and phone number and showing the name, last known (home) address, social security

number, telephone number (if known), and gross backwage amount for each person named in the attached Exhibit A.

  b. Defendants shall deliver to Wage Hour the payments set forth on the attached Exhibit B.  Each payment shall be made by a certified, or cashier's check or money order and includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full.  Each check shall have Defendants' names and "BWs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit B.  Defendants may pay the remaining balance due in full at any time with no additional penalty or interest.

  c. In the event of any default in the timely making of any payment due hereunder, the full amount of backwages which then remain unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.  For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date listed in Exhibit B.

8. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less required deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in

[PROPOSED] CONSENT J.    6

the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the appropriate employee's share of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. Defendants remain responsible for the employer portion of these taxes.

9. Within ten calendar days of the entry of this Consent Judgment, Defendants shall post copies of Exhibit C at each of Defendants' campuses for no less than one-hundred eighty (180) days. Exhibit C summarizes the terms of this Consent Judgment and the employees' rights under the FLSA.

10. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

11. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

12. The filing, pursuit, and resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Judgment and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

13. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

**ORDERED** that the parties to the instant Complaint shall comply with the terms of this Consent Judgment;

**ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment; and

APPROVED AND SO ORDERED:

Dated this ___18th_____ day of ___December _, 2014.

*S. James Otero*

_____

HON. UNITED STATES JUDGE

For the Defendants:
The Defendants hereby appear, consent to the entry of this Consent Judgment, and waive notice by the Clerk of Court:

|  |  |
|---|---|
|  | M. PATRICIA SMITH |
| Dated: _____ | Solicitor of Labor |
| For CCA EDUCORP, INC.: | JANET M. HEROLD |
|  | Regional Solicitor |
| _____ |  |
|  | DANIEL CHASEK |
| _____ | Associate Regional Solicitor |
| Position |  |
| Dated: _____ | _____ |
|  | KATHERINE M. KASAMEYER |
| For: JEFF MEISEL | Trial Attorney |
| By: _____ | Dated:_____ |
|     JEFF MEISEL, individually | Attorneys for U.S. Dep't of Labor |

Dated: _____
For: RON SCHAECHTER

By: _____
    RON SCHAECHTER

Reviewed as to Form and Content:

_____
CHAIM WOOLF, Esq.
Woolf Gafni & Fowler, LLP
108550 Wilshire Blvd., Suite 510
Los Angeles, CA 90024

[PROPOSED] CONSENT J.                9

## EXHIBIT A

| FIRST NAME | LAST NAME | BACK WAGES |
|---|---|---|
| TANISHA | ALVAREZ | $507.50 |
| BRENDA | BAKER | $1,036.75 |
| JOANNE | BRENNAN | $250.13 |
| BRITTANY | BULLINGER | $261.00 |
| DEBRA | CALLENDER | $605.38 |
| CYNTHIA | CARRASCO | $2,038.45 |
| STEPHANIE | CESAREO | $759.44 |
| MARIA | CONTRERAS | $993.25 |
| TAMARA | CROSSLAND | $817.44 |
| RAISA | DEL CID | $1,029.50 |
| MARICELA | DIAZ | $1,223.50 |
| MARIA | DIAZ | $681.50 |
| MARIA | DOLORES BALDERAS | $1,368.56 |
| ELIE | DVORIN | $1,044.00 |
| VANESSA | GALINDO | $801.13 |
| VANESSA | GARCIA | $1,281.42 |
| PATRICIA | GOMEZ | $855.50 |
| MELISSA | GONZALEZ | $686.94 |
| MARILYN | HERNANDEZ | $293.63 |
| NSENGA | HUGHES | $773.94 |
| MARIA | JIMENEZ | $882.69 |
| RYAN | KNIGHT | $607.19 |
| SUGEY | LOPEZ | $969.69 |
| LILIA | LOPEZ | $656.13 |
| EDWARD | LOUIS | $1,044.00 |
| FARRAH | MCLEAN | $1,009.56 |
| ROYA | MOGHADAM | $625.31 |
| LINDA | MORALES | $786.63 |
| MAGDALENA | MORENO | $1,472.72 |
| MONICA | MORENO | $1,027.69 |
| NIMSY | PACHECO | $1,369.56 |
| AVIDEH | PALADINO | $1,044.00 |

| | | |
|---|---|---:|
| JEFF | PALADINO | $1,044.00 |
| MAYRA | PENALOZA | $873.63 |
| ANGELA | PERDOMO | $926.19 |
| CESAR | PEREZ | $1,216.25 |
| RICHARD | RAMIREZ | $1,009.57 |
| ISRAEL | RODRIGUEZ | $2,552.96 |
| SHARON | ROUSSEAU | $842.81 |
| MARIA | RUIZ | $1,583.81 |
| EMMA | SANCHEZ | $1,348.13 |
| JACQUELINE | SANCHEZ | $1,044.00 |
| VERONICA | SARMIENTO | $1,252.50 |
| KEE | SHIN | $1,058.50 |
| RICHARD | SYLSTRA | $1,044.00 |
| MARIA | TORO | $986.00 |
| SHARNISE | TURNER | $761.25 |
| LOURDES | VALENCIA | $1,939.92 |
| JENNIFER | WILLIAMSON | $587.25 |
| | | **$48,874.90** |

## EXHIBIT B

| Payment No. | Payment Date | Total Payment | Payment Includes Backwages Totaling: | Payment Includes Interest totaling: |
|---|---|---|---|---|
| 1 | 1/2/2015 | $ 1,378.67 | $1,337.94 | $40.73 |
| 2 | 2/1/2015 | $1,378.67 | $1,339.05 | $39.61 |
| 3 | 3/1/2015 | $1,378.67 | $1,340.17 | $38.50 |
| 4 | 4/1/2015 | $1,378.67 | $ 1,341.29 | $ 37.38 |
| 5 | 5/1/2015 | $1,378.67 | $1,342.40 | $36.26 |
| 6 | 6/1/2015 | $1,378.67 | $1,343.52 | $35.15 |
| 7 | 7/1/2015 | $1,378.67 | $1,344.64 | $34.03 |
| 8 | 8/1/2015 | $ 1,378.67 | $1,345.76 | $32.90 |
| 9 | 9/1/2015 | $1,378.67 | $1,346.88 | $ 31.78 |
| 10 | 10/1/2015 | $1,378.67 | $1,348.01 | $ 30.66 |
| 11 | 11/1/2015 | $1,378.67 | $1,349.13 | $29.54 |
| 12 | 12/1/2015 | $1,378.67 | $1,350.25 | $28.41 |
| 13 | 1/2/2016 | $1,378.67 | $1,351.38 | $27.29 |
| 14 | 2/1/2016 | $1,378.67 | $1,352.51 | $26.16 |
| 15 | 3/1/2016 | $1,378.67 | $1,353.63 | $25.03 |
| 16 | 4/1/2016 | $1,378.67 | $1,354.76 | $23.91 |
| 17 | 5/1/2016 | $1,378.67 | $1,355.89 | $22.78 |
| 18 | 6/1/2016 | $1,378.67 | $1,357.02 | $21.65 |
| 19 | 7/1/2016 | $1,378.67 | $1,358.15 | $20.52 |
| 20 | 8/1/2016 | $1,378.67 | $1,359.28 | $19.39 |
| 21 | 9/1/2016 | $1,378.67 | $1,360.42 | $18.25 |
| 22 | 10/1/2016 | $1,378.67 | $1,361.55 | $ 17.12 |
| 23 | 11/1/2016 | $1,378.67 | $1,362.68 | $ 15.98 |
| 24 | 12/1/2016 | $1,378.67 | $1,363.82 | $14.85 |
| 25 | 1/2/2017 | $1,378.67 | $1,364.96 | $13.71 |
| 26 | 2/1/2017 | $1,378.67 | $1,366.09 | $12.57 |
| 27 | 3/1/2017 | $1,378.67 | $1,367.23 | $11.44 |
| 28 | 4/1/2017 | $1,378.67 | $1,368.37 | $10.30 |
| 29 | 5/1/2017 | $1,378.67 | $1,369.51 | $9.16 |
| 30 | 6/1/2017 | $1,378.67 | $1,370.65 | $8.02 |
| 31 | 7/1/2017 | $1,378.67 | $1,371.79 | $6.87 |
| 32 | 8/1/2017 | $1,378.67 | $1,372.94 | $ 5.73 |

///

[PROPOSED] CONSENT J.            12

| | | | | |
|---|---|---|---|---|
| 33 | 9/1/2017 | $1,378.67 | $1,374.08 | $4.59 |
| 34 | 10/1/2017 | $1,378.67 | $ 1,375.23 | $ 3.44 |
| 35 | 11/1/2017 | $1,378.67 | $ 1,376.37 | $ 2.29 |
| 36 | 12/1/2017 | $1,377.52 | $1,376.37 | $1.15 |
| | TOTAL | $49,630.90 | | |

[PROPOSED] CONSENT J.                13

# EXHIBIT C

## LEGAL NOTICE TO ALL EMPLOYEES

The U.S. Department of Labor brought a lawsuit against CCA EDUCORP, INC., doing business as CAREER COLLEGES OF AMERICA, JEFF MEISEL, and RON SCHAECHTER.  To resolve the lawsuit, the United States District Court entered an Order requiring CAREER COLLEGES OF AMERICA, JEFF MEISEL, and RON SCHAECHTER to pay back wages and liquidated damages and take other affirmative steps to achieve compliance with the Fair Labor Standards Act. All employees can help CAREER COLLEGES OF AMERICA, JEFF MEISEL, and RON SCHAECHTER comply with the Court's Order.  **If you think you are not being paid in accordance with the law**, **call the U.S. Department of Labor, Wage and Hour Division, at (714) 621-1650 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential. Interpreter services are available.**

The **Fair Labor Standards Act** provides that employers must make accurate records of time worked.

The **Fair Labor Standards Act** provides that employees must be paid the **minimum wage** for all hours worked.  In addition, all employees must be paid the **overtime** rate of time and one half their regular rate for hours worked over 40 in a workweek. All hourly employees are entitled to overtime when they work over 40 hours.

You also have employment rights under California state law, such as prompt payment of wages, and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.

[PROPOSED] CONSENT J. 14